**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | 3:11CR192(JCH) |
| v. | : | |
| | : | |
| LAWRENCE DRESSLER | : | MARCH 22, 2019 |
| Defendant. | : | |

**ORDER RE: MOTION FOR ORDER (DOC. NO. 779).**

Defendant, Lawrence Dressler ("Dressler"), moves this court pro se for an Order requiring his former counsel in this criminal matter to "release the complete file pertaining to this case." Motion for Order (Doc. No. 779) ¶ 2. Dressler's former counsel, Attorney Eugene Riccio ("Riccio"), refused to release the full file. He did so based on an agreement with the United States Attorney's Office for the District of Connecticut, that certain documents would be produced to Attorney Riccio only with the understanding they would not be further disseminated. See Counsel's Memorandum in Response to Defendant's Motion for Order ("Riccio Response") (Doc. No. 780) at 1–2. Dressler initiated a malpractice suit against Attorney Riccio in Connecticut Superior Court, see Dressler v. Riccio, Conn. Super., NNH-CV17-6072589-S,[1] and seeks the release of his file in connection with that suit, as well as to assist him in reapplying to the Connecticut Bar and gaining employment, see Motion for Order ¶ 9.

The Government argues that this court lacks jurisdiction to order the release of Dressler's criminal file, and that the Connecticut court presiding over the ongoing state civil litigation is the proper venue for determination of such a question. See Government's Response to Motion and Order (Doc. No. 785) ("USA First Response")

---

[1] The full docket for the Connecticut Superior Court proceedings is available at http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=NNHCV176072589S. The court takes judicial notice of the state court docket.

3–4; Government's Response to Motion and Order (Doc. No. 788) (USA Second Response) at 1–2.  Dressler argues that the court has ancillary jurisdiction to Order the release of his criminal file.  See Dressler Response to Government's Response (Doc. No. 789) ("Dressler Reply") ¶ 1.

Federal courts are courts of limited jurisdiction, and "parties cannot confer subject matter jurisdiction where the Constitution and Congress have not." Doe v. United States, 833 F.3d 192, 196 (2d Cir. 2016).  While "'[t]he boundaries of ancillary jurisdiction are not easily defined and the cases addressing it are hardly a model of clarity' . . . '[a]t its heart, ancillary jurisdiction is aimed at enabling a court to administer justice within the scope of its jurisdiction.'" Id. at 197 (quoting Garcia v. Teitler, 443 F.3d 202, 208 (2d Cir. 2006) (emphasis in original).

Dressler cites to Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378–79 (1994), in support of his argument that this court has ancillary jurisdiction over his Motion.  See Dressler Reply ¶ 1.  Kokkonen does not support his argument.  In Kokkonen, the Supreme Court noted that ancillary jurisdiction is generally asserted "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379–80 (citations omitted).

Neither of the purposes noted in Kokkonen would be served by this court ordering the release of Dressler's criminal file.  As to the first purpose, though Dressler's Motion may "depend[ ] in part on facts developed in [the] prior criminal proceeding," as

in Doe, this court "fail[s] to see how these two analytically and temporally distinct proceedings can be described as 'factually interdependent.'" Doe, 833 F.3d at 198. As to the second purpose, while Dressler's former counsel and the government entered into the now-contested agreement limiting disclosure of Dressler's criminal file during the criminal proceedings in this court, the agreement was a private matter between the parties. Nothing in the docket of the criminal matter indicates that the court had any role in negotiating, approving, effectuating, or otherwise enforcing the agreement between the government and Attorney Riccio. Intervening to resolve what is essentially a private dispute between Dressler and his former counsel has no bearing on this court's ability to function, to manage proceedings, or to effectuate its decrees. "[T]he power asked for here is quite remote from what courts require in order to perform their functions." Kokkonen, 511 U.S. at 380. Indeed, the criminal matter having long since concluded, there is nothing left for this court to manage, vindicate, or effectuate. See Doe, 833 F.3d at 198 (holding that where district court's sentence "had long ago concluded and its decrees long since expired," ancillary jurisdiction to expunge a criminal record did not serve any of the goals identified in Kokkonen's second prong).

This court does not have ancillary jurisdiction over Dressler's Motion for an Order compelling disclosure of his criminal file. Dressler's Motion for Order (Doc. No. 779) is therefore dismissed for lack of jurisdiction.

**SO ORDERED.**

Dated at New Haven, Connecticut this 22nd day of March 2019.

                                                    /s Janet C. Hall
                                                  Janet C. Hall
                                                  United States District Judge