UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIM. CASE NO. |
| v. | : | 3:11-CR-0192 (JCH) |
| | : | |
| LAWRENCE DRESSLER, | : | |
| Defendant. | : | MARCH 31, 2020 |
| | : | |

**RULING RE: MOTION FOR RECONSIDERATION (Doc. No. 800)**

**I.   INTRODUCTION**

On January 28, 2020, this court issued its Ruling denying the defendant's Motion for Relief.  See Ruling (Doc. No. 799).  In that Motion the defendant, Lawrence Dressler ("Dressler"), moved the court to vacate the restitution order entered against him.  See Motion for Relief (Doc. No. 795).  The court denied Dressler's Motion, and held that Dressler had not identified any proper procedural vehicle to set aside the Restitution Order.  See Ruling at 1-4.

Pending before the court is Dressler's Motion for Reconsideration (Doc. No. 800).  For the reasons that follow, Dressler's Motion is denied.

**II.   BACKGROUND**

On October 3, 2013, Dressler pleaded guilty to Count One of the Superseding Indictment charging him with conspiracy to commit bank, mail, and wire fraud, in violation of section 1349 of title 18 of the United States Code.  See Plea Agreement (Doc. No. 288), at 1.  In his Plea Agreement, Dressler and the Government stipulated that, in or around March 2007 to February 2008, Dressler conspired with others to defraud mortgage lenders and financial institutions.  See id. at 10.  The scheme

1

involved obtaining fraudulent mortgages for the purchase of numerous houses in New Haven, Connecticut.  Id.  Dressler participated in the conspiracy by acting as a closing attorney in fraudulent real estate transactions and preparing a materially false HUD-1 form.  Id.  The Plea Agreement also contained a waiver wherein Dressler waived his right to appeal or collaterally attack his conviction or sentence under certain circumstances.  Id. at 5.

On March 20, 2014, this court sentenced Dressler to 20 months in prison.  See Judgment (Doc. No. 459).  The court also ordered Dressler to pay joint and several restitution totaling $403,450.75 as to three of the subject loans.  Id.  Judgment entered on March 25, 2014.  Id.

### III. STANDARD

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Motions for reconsideration "shall not be routinely filed and shall satisfy the strict standard applicable to such motions.  Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."  D. Conn. L. Civ. R. 7(c).

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted).  A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been

presented before the court.  See Shrader, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## IV.     DISCUSSION

Dressler's Motion fails to "point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.  For this reason, Dressler fails to meet the "strict" standard required for reconsideration.  Id.

In its Ruling, the court held that, because Rule 60(b) of the Federal Rules of Civil Procedure does not apply to criminal proceedings, that Rule could not provide the relief that Dressler sought.  See Ruling at 2 (collecting cases).  Even if Rule 60(b) were to apply, the court concluded that Dressler's Motion would be untimely under subsections (2) and (3), and that Dressler had failed to show "exceptional circumstances."  See id. at 5-6. The court also noted that Rule 35 of the Federal Rules of Criminal Procedure and the Mandatory Victim Restitution Act provided no basis to grant Dressler's Motion.  Id. at 4.

In his Motion to Reconsider, Dressler argues that the court overlooked the fact that one of the three subject loans overlapped with the loans listed in the settlement agreement between Wells Fargo and the Government.  See Mot. at 1.  However, the fact that one of the loans overlapped does not alter the principal reasoning behind the court's Ruling—that Dressler has failed to identify any proper procedural vehicle to set aside the Restitution Order.  Although Dressler may have identified "data that the court overlooked," this overlapping loan would not "reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

3

Furthermore, as the Government notes in its Response, Dressler's Motion is barred by his Plea Agreement's waiver. In that waiver, Dressler agreed that he would not "appeal or collaterally attack in any proceeding . . . the conviction or sentence imposed by the Court if that sentence does not exceed 51 months imprisonment, a 5-year term of supervised release, a $2.5 million fine, a $1.6 million order of restitution, and a $6,000 order of forfeiture, even if the Court imposes such a sentence based on an analysis different from that specified above." Plea Agreement at 5. "Without doubt, a restitution order is part of the sentence," United States v. Oladimeji, 463 F.3d 152, 156 (2d Cir. 2006), and the Plea Agreement plainly contemplated restitution as part of the "sentence imposed by the Court," Plea Agreement at 2. Dressler specifically agreed "to make restitution for the transactions referenced in Attachment 1." Id. Included in Attachment 1 is the transaction involving the properly located at 279 Norton Street, New Haven CT. See Attachment 1 (Doc. No. 420-1). The loan for this property was also included in the settlement agreement between Wells Fargo and the Government and is at the heart of Dressler's Motion for Reconsideration. See Mot. at 2. Thus, Dressler's Motion to set aside the restitution order is in direct contravention of the plain terms of the Plea Agreement.

Because the sentence this court imposed did not exceed the terms of the Plea Agreement's waiver, and because the Restitution Order was clearly part of the sentence, Dressler's Motion to set aside the Restitution Order is barred by the waiver. See United States v. Pearson, 570 F.3d 480, 485 (2d Cir. 2009) ("In these

4

circumstances, we conclude that Pearson has unambiguously waived his right to appeal a district court's award of full restitution[.]").[1]

## V. CONCLUSION

For the reasons stated above, Dressler's Motion for Reconsideration (Doc. No. 800) is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 31st day of March, 2020.

        /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] In United States v. Pearson, the defendant "waived his right to appeal 'his conviction and any sentence incorporating the agreed disposition specified herein.'" 570 F.3d 480, 485 (2d Cir. 2009) (quoting Plea Agreement ¶ 11). The "agreed disposition" included, inter alia, an order to pay restitution "in full." Id. ¶ 1(c). The Court held that, based on the terms of the Plea Agreement, Pearson had waived his right to appeal a district court's award of "full restitution," but that "he has not unambiguously waived appeal of possible errors in the determination of what amount constitutes full restitution." Id.; see also id. at 486 ("We conclude, therefore, that Pearson has not unambiguously waived his right to appeal whether the amount of restitution ordered compensates the victims 'in full.'").

    Here, by contrast, the Plea Agreement does not contain such ambiguity. The Plea Agreement does not contemplate a sentence involving "restitution in full" or other similarly vague terms; instead, Dressler unambiguously agreed to "make restitution for the transactions referenced in Attachment 1." Plea Agreement at 2. The loan involving the property located at 279 Norton Street, New Haven CT, which Dressler asserts demonstrates Wells-Fargo as his co-conspirator, is included in Attachment 1.